ISSUED

2 service by Court

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAMERON BROWN<br>19061 Raymond St.<br>Maple Heights, Ohio 44137 | ) ) ) ) | CASE NO. 1:01CV2717<br><br>JUDGE ALDRICH |
| and | ) ) | MAG. JUDGE HEMANN |
| ROBERT E. PROE<br>3202 Colburn<br>Cleveland, Ohio 44109 | ) ) ) ) | |
| and | ) ) | JUDGE |
| TERRY S. WARD<br>3246 West 114th Street<br>Cleveland, OH 44111 | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| WACO EQUIPMENT CO.<br>d/b/a Waco Scaffolding and Equipment<br>c/o CT Corporation System, Statutory Agent<br>815 Superior Avenue, N.E.<br>Cleveland, Ohio 44114 | ) ) ) ) ) ) | |
| and | ) ) | |

WACO INTERNATIONAL INCORPORATED )
d/b/a Waco Scaffolding and Equipment )
c/o CT Corporation System, Statutory Agent )
815 Superior Avenue, N.E. )
Cleveland, Ohio 44114 )
)
       Defendants )

## NATURE OF THIS ACTION, JURISDICTION AND VENUE

1.    Plaintiffs bring this action on behalf of themselves and all others similarly situated because of Defendants' unlawful deprivation of Plaintiffs' right to overtime compensation under the Fair Labor Standards Act ("FLSA"). By means of this action, Plaintiffs seek compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq.*

2.    The Court has jurisdiction over the claims alleged herein pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3.    Pursuant to 28 U.S.C. §1391(b), this action properly lies in the Northern District of Ohio because Defendants are located in and the claim arose in this judicial district.

## PARTIES

4.    Defendant Waco Equipment Company, doing business as Waco Scaffolding and Equipment (hereinafter "Waco Equipment"), is a corporation doing business under the laws of the State of Ohio. Waco Equipment operates an office in Cleveland, Ohio.

5.    Defendant Waco International Incorporated, also doing business as Waco Scaffolding and Equipment (hereinafter "Waco International"), is a corporation doing business under the laws of the State of Ohio. Waco International operates an office in Cleveland, Ohio.

6. Defendants Waco Equipment and Waco International (hereinafter collectively referred to as "Defendants") are each an "employer" within the meaning of 29 U.S.C. §203(d) and a "person" within the meaning of 29 U.S.C. § 203(a).

7. At all times material to this action, Defendants have each been an "enterprise" and an "enterprise engaged in the production of goods for commerce" as those terms are defined by 29 U.S.C. §§203(r)(1) and (s)(1).

8. Plaintiffs Cameron Brown, Robert E. Proe and Terry S. Ward (hereinafter collectively referred to as "Plaintiffs") is each a citizen of the United States and a resident of Cuyahoga County, Ohio.

9. At all times material herein, Plaintiffs were hourly "employees" of one or both Defendants, within the meaning of 29 U.S.C. § 203(e), and were represented for purposes of collective bargaining by Glass, Molders, Pottery, Plastics and Allied Workers Union AFL-CIO, CLC, Local Union No. 45B (hereinafter "Union"), as were other hourly employees employed by Defendants.

10. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

11. Plaintiffs are identified in the caption of the Complaint and have each given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such consents are in the form of Retainer Agreements, and redacted copies of the Retainer Agreements are appended to the Complaint as Exhibit "A". Plaintiffs bring this action as a collective action on behalf of themselves and others similarly situated in accordance with 29 U.S.C. §216(b).

## THE PROFIT SHARING AGREEMENT

12. Defendants and the Union entered into a collective bargaining agreement effective June 11, 1996 through June 10, 1999 that included a profit sharing provision for 1996 through 1998. Defendants' employees who were not members of the bargaining unit were not eligible to participate in profit sharing.

13. On January 31, 1997, Defendants informed the Union that it did not earn any profits in 1996, based on Defendants' 1996 Profit and Loss Statement. The Union disputed this claim and filed a grievance over the method utilized by Defendants to calculate profits.

14. Although the initial dispute arose following the 1996 profit calculations, the underlying issue involved the method of calculating any and all profits that may be shared during the term of the collective bargaining agreement. Thus, as the matter progressed into 1997 and 1998, the profit sharing calculations for those years became part of the dispute, in addition to the calculations for 1996. As noted below, in Paragraph 19 of this Complaint, the Arbitrator addressed the profit sharing amounts owed for all three years in his third award.

15. The Union's grievance reached arbitration and in an award dated August 31, 1998, Arbitrator Ronald F. Talarico granted the Union's grievance and instructed Defendants to recalculate profits based on the income generated at Defendants' Cleveland facility, less expenses incurred by the Cleveland facility.

16. Defendants recalculated their profits and again determined that they did not make a profit. The Union argued that Defendants failed to include rental income in calculating profit, and used an inappropriate method of allocating common costs to the expenses incurred at the Cleveland facility. Accordingly, a second hearing was held before the Arbitrator.

4

17. Arbitrator Talarico again agreed with the Union's arguments regarding the method by which profits should be calculated, and in a second award dated September 20, 1999, Arbitrator Talarico again instructed Defendants to recalculate their profits.

18. Defendants recalculated their profits again and the Union again disputed the Defendants' calculations, because Defendants revised the underlying data that they had used previously in calculating profits.

19. In a third award dated December 2, 1999, Arbitrator Talarico agreed that Defendants had improperly revised the underlying data regarding profits. As a result, he ordered Defendants to pay profit sharing to the bargaining unit employees in the amount of $196,800.60 for 1996, $192,099.00 for 1997 and $261,707.50 for 1998.

20. Defendants filed suit in this Court on December 20, 1999 to vacate the second and third Arbitrator's awards. On September 27, 2000, this Court granted summary judgment for the Union, thus affirming the Arbitrator's award.

21. On November 3, 2000, Defendants and the Union executed an Agreement and Understanding of Profit Sharing Distribution, pursuant to which Defendants remitted the profit sharing amounts stated in Paragraph 19 of this Complaint.

22. By letter dated November 3, 2000, the Union asserted that the profit sharing amounts payable to the bargaining unit employees should have been included in determining the proper amount of overtime payable for hours worked by those employees under the FLSA. The Union also noted that by executing the Agreement and Understanding of Profit Sharing Distribution, it was not waiving any FLSA claims that may be brought by the bargaining unit employees.

5

23. In or about March, 2001, the Union requested that Defendants provide overtime hours for the bargaining unit employees for the period of time covered by the Arbitrator's December 2, 1999 award, so that the potential FLSA damages may be reduced to a sum certain. While rejecting the Union's claims for additional overtime compensation and reserving all rights and defenses, and without admitting any liability under the FLSA, Defendants cooperated and provided the requested information.

## CAUSE OF ACTION

24. The allegations contained in paragraphs 1-23 of this Complaint are hereby restated and realleged as if fully rewritten herein.

25. The FLSA provides that employers shall pay their employees one and one-half times the employees' "regular rate" for work performed in excess of forty hours per week. 29 U.S.C. §207(a)(1). The "regular rate" includes "all remuneration paid to, or on behalf of, the employee". 29 U.S.C. §207(e).

26. Throughout 1996 through 1998, Plaintiffs and other employees of Defendant similarly situated worked in excess of forty hours per week. As a result, Plaintiffs and others similarly situated have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime worked.

27. The profit sharing amounts received by Plaintiffs and others similarly situated pursuant to the Award represent remuneration that should have been paid by Defendants to their employees pursuant to the collective bargaining agreement between Defendants and the Union. Thus, these amounts should have been included in the calculation of the "regular rate" for purposes of determining proper overtime compensation.

28. Defendants violated 29 U.S.C. §207(a)(1) by failing to include the profit sharing amount received pursuant to the Award in calculating the "regular rate" for purposes of paying overtime compensation to Plaintiffs and others similarly situated.

29. The Defendants' violations of the FLSA as alleged herein have been done in a willful manner.

30. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and similarly situated persons for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that this Court grant relief against Defendant Waco Equipment and/or Waco International as follows:

A. Enter a declaratory judgment declaring that the Defendants have wrongfully violated their statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

B. Award Plaintiffs and all others who are similarly situated monetary damages in the form of back pay compensation; liquidated damages under federal law equal to their unpaid compensation; plus pre-judgment and post-judgment interest;

C. Award Plaintiffs and all others who are similarly situated their reasonable attorneys' fees to be paid by the Defendants, together with the costs and disbursements of this action; and

D. Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury in this action.

Respectfully submitted,

SCHWARZWALD, ROCK & McNAIR
A Legal Professional Association

*/s/ Daniel S. White*

Eben O. McNair, IV (0026049)
Daniel S. White (0047400)
616 Penton Media Building
1300 East Ninth Street
Cleveland, Ohio 44114-1503
(216) 566-1600
(216) 566-1814 (Facsimile)
emcnair@srmcnlaw.com (E-mail)
dwhite@srmcnlaw.com (E-mail)

Of Counsel:
Ross P. Andrews, Esq.
Richard Maroko, Esq.
Satter & Andrews
217 S. Salina Street, 6th Floor
Syracuse, NY 13202

GL750/012/pleadings/complaint

8